UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE CRUMP,

   Petitioner,

v.               Case No. 1:02-cv-684

DAVID JAMROG,

                Hon. Wendell A. Miles

   Respondent.
_____/

ORDER ON PETITIONER'S THIRD MOTION
FOR RELIEF FROM JUDGMENT

   This matter is before the Court on Petitioner's letter dated May 9, 2005 (Dkt. #19), which the Court construes as a Motion for Relief From Judgment pursuant to FED. R. CIV. P. 60(b).

   United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") on October 7, 2002, recommending that Petitioner's petition for writ of habeas corpus be denied as time-barred. On May 6, 2004, the Court entered a Judgment approving the R & R, rejecting Petitioner's argument that the limitation period should be tolled because his attorney failed to file the petition in a timely manner.

   Petitioner filed a letter seeking relief from judgment, again arguing that the limitation period be tolled due to his attorney's failure to file a timely petition, which the Court denied on January 5, 2005. Petitioner filed a second letter on March 26, 2005, raising the same argument. The Court denied this request by order dated April 28, 2005. Although Petitioner's present request advances the same argument, he has not provided any new or additional support for his argument .

In Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 1814 (applying standard set forth in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  However, it is well established that attorney error or miscalculation is not the egregious "extraordinary circumstance" that would warrant tolling of the statute. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Jurado v. Burt, 337 F. 3d 638, 644 (6th Cir. 2003); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005); Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003); Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir. 2002); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001); Steed v. Head, 219 F.3d 1298 (11th Cir. 2000).

Moreover, a petitioner's own ignorance of the law will not excuse the limitation period. See Yukins, 336 F.3d at 403; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000); Jones v. Morton, 195 F.3d 153, 159-60 (3d Cir. 1999); Calderon v. United States Dist. Court, 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled on other grounds Calderon v. United States Dist. Court, 163 F.3d 530 (9th Cir. 1998); and see Coleman v. Thompson, 501 U.S. 722, 756-57 (1991) (finding that, because there is no right to counsel in habeas proceedings, the inability to hire an attorney will not excuse an untimely habeas petition).

Petitioner's reliance on People v. Reed, 449 Mich. 375, 535 N.W.2d 496 (Mich. 1995) is misplaced.  The issue in this case is whether Petitioner is entitled to equitable tolling of the statute of limitations that governs federal habeas actions, 28 U.S.C. § 2244(d)(1).  In People v.

Reed, the court held that under Michigan's rule governing procedure for post appeal relief, "cause" for excusing procedural default is established by proving ineffective assistance of counsel under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), id. at 378, 499, which is totally irrelevant to the issue in this case.

Petitioner has failed to establish grounds for relief from judgment as provided by Rule 60(b). Accordingly, the Court DENIES his motion for relief from judgment.

So ordered this 1st day of November, 2005.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge