UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE CRUMP,

    Petitioner,                           Case No. 1:02-cv-684

v

                                                  Hon. Wendell A. Miles

DAVID JAMROG,

    Respondent.
_____/

ORDER ON PETITIONER'S THIRD MOTION FOR RELIEF FROM JUDGMENT

      On October 7, 2002, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that William Lee Crump's petition for writ of habeas corpus be denied as time-barred.  On May 6, 2004, the court entered a Judgment approving the R & R, rejecting an objection by the petitioner that the limitation period be tolled because his attorney failed to file the petition in a timely manner.  Since that time, the petitioner has twice unsuccessfully sought relief from the Judgment.  The matter is currently before the court on a third request from petitioner for relief from judgment (docket no. 21).

      Petitioner seeks relief from the Judgment based on "newly discovered evidence," a ground recognized under Fed.R.Civ.P. 60(b)(2).  However, Fed.R.Civ.P. 60(b) clearly provides that a motion under clauses (1) through (3) of the rule shall be made "not more than one year after the judgment, order, or proceeding was entered or taken."  Therefore, motions filed under Fed.R.Civ.P. 60(b)(2) must be brought within one year after entry of the order or judgment.

Kalamazoo River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 588-589 (6th Cir. 2004); see McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir. 1991) (motion made more than one year after judgment may not be granted on grounds listed under 60(b)(1), (2), or (3)).  In addition, Fed.R.Civ.P. 6(b) provides the court with no discretion to extend the one-year time period contained in Rule 60(b).[1]  Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 -1333 (6th Cir. 1985).  Because the Judgment from which petitioner seeks relief was entered over three years ago, and because the court does not have the discretion to extend the one-year time period, petitioner's motion for relief based on newly discovered evidence is untimely.

However, even if petitioner had filed a timely motion under Rule 60(b)(6), the court would deny the relief sought.  The Judgment denied the petition as time-barred.  Petitioner's current motion is directed to the merits of the petition, and the alleged "newly discovered evidence" does not pertain to the limitations issue.  Under the circumstances, petitioner has presented no grounds for relief from the Judgment.

**Motion denied.**

So ordered this 7th day of August, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[1] Fed.R.Civ.P. 6(b) expressly provides that the court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."